**[Cite as *State v. Fench*, 2026-Ohio-2794.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

     Appellee

v.

 Billy Fench

     Appellant

Court of Appeals No.  {48}L-25-00140

Trial Court No. CR202500293

**DECISION AND JUDGMENT**

Decided: July 21, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Appellant, Billy Fench, appeals from a judgment entered by the Lucas County Court of Common Pleas convicting him, following a plea of guilty, on one count of attempted domestic violence. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and the Facts**

{¶ 2} This case arose from events that were alleged to have occurred on October 12, 2024, and resulted in Fench's indictment on February 27, 2025, in case No. CR-25-00293, on charges of strangulation and domestic violence. Fench was arraigned in the case on March 3, 2025, and pleaded not guilty. The trial court set bond at $25,000 with no 10 percent allowed and ordered Fench to have no contact, direct or indirect, with the victim. The record does not suggest that Fench made bond.

{¶ 3} Prior to his indictment in the current case, Fench had become incarcerated in the Lucas County jail in connection with an earlier filed case, case No. CR-24-02731, which involved a separate incident of domestic violence that was alleged to have occurred on November 20, 2024. A nolle prosequi was entered in the earlier filed case on March 18, 2025, but Fench remained incarcerated in the Lucas County jail through May 22, 2025.

{¶ 4} Several times following his arraignment in the current case, Fench orally moved the trial court to dismiss the case on speedy-trial grounds. Each time, those motions were denied.

{¶ 5} On May 20, 2025, Fench withdrew his not-guilty plea and pleaded guilty to attempted domestic violence, a felony of the fifth degree, in violation of R.C. 2923.02, R.C. 2929.25(A), and R.C. 2919.25(D)(3). On May 22, 2025, the trial court sentenced Fench to serve 12 months in prison on the offense.

2.

## Assignment of Error

{¶ 6} On appeal, Fench asserts the following assignment of error:

> I.  The trial court errored [sic] when it denied the Appellant's motion to dismiss as his right to a speedy trial was violated in this matter.

## Law and Analysis

{¶ 7} In his sole assignment of error, Fench contends only that the State infringed upon his right to a speedy trial. He makes no claim that the alleged infringement precluded him from entering a knowing, voluntary plea.

{¶ 8} "A criminal defendant has a right to a speedy trial under the Ohio Revised Code, the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution." *State v. Adams*, 2015-Ohio-3954, ¶ 80. R.C. 2945.71(C)(2). "'In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the State to bring to trial a defendant who has not waived his right to a speedy trial within the time specified by the particular statute.'" *State v. Mize*, 2022-Ohio-3163, ¶29 (2d Dist.), citing *City of Cleveland v. Sheldon*, 2003-Ohio-6331, ¶ 16 (8th Dist.). "The speedy trial statutes in Ohio are R.C. 2947.71 and R.C. 2941.401." *Id.*

{¶ 9} R.C. 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within two hundred and seventy days of arrest. However, "'[w]hen a defendant is incarcerated in this state on other charges, R.C. 2941.401, a specific statute prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the state must bring him or her to trial.'" (Citations omitted.) *Id.* at ¶ 30, quoting *State v. Stewart*, 2006-Ohio-4164, ¶ 21 (2d Dist.).

3.

**{¶ 10}** R.C. 2941.401 states:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance….

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of the prisoner, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested….

The warden or superintendent having custody of the prisoner shall promptly inform the prisoner in writing of the source and contents of any untried indictment, information, or complaint against the prisoner, concerning which the warden or superintendent has knowledge, and of the prisoner's right to make a request for final disposition thereof….

And finally, R.C. 2941.401 states that:

[i]f the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

**{¶ 11}** Relevant to this case is the fact that a guilty plea can affect a defendant's ability to assert his speedy trial rights. A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "[A] defendant who…voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry

4.

of the guilty plea." (Quotation omitted.) *State v. Ketterer,* 2006-Ohio-5283, ¶ 117. A plea of guilty "effectively waives all appealable errors" at trial unrelated to the entry of the plea. *Id.*, citing *State v. Kelley*, 57 Ohio St.3d 127 (1990), paragraph two of the syllabus.

{¶ 12} This court has held that "a defendant, by entering a guilty plea, generally waives both the statutory and the constitutional right to a speedy trial. *State v. Glanton*, 2020-Ohio-834, ¶ 26 (6th Dist.). Even where a defendant has made a demand for a speedy trial, when he enters his plea of guilty, it amounts to a withdrawal of such demand and waives his right to insist on the constitutional provisions relating to a speedy trial. *See State v. Ingram,* 2017-Ohio-5685, ¶ 24, quoting *State v. Chiles,* 2016-Ohio-1225, ¶ 6 (8th Dist.), quoting *Partsch v. Haskins*, 175 Ohio St. 139, 141 (1963).

{¶ 13} Here, Fench argues that he was denied his speedy trial rights under R.C. 2941.401. The State argues in its opposition, first, that Fench, waived those rights when he pleaded guilty and, further, that because Fench was neither "imprisoned" nor held in a "correctional institution of this state" prior to the entry of his plea, R.C. 2947.71, and not R.C. 2941.401, would be the applicable statute.

{¶ 14} Even assuming, without deciding, that R.C. 2941.401 rather than R.C. 2947.71 would apply in this case, Fench's argument necessarily fails. This court has held in the specific context of statutory speedy trial rights under R.C. 2941.401 that "upon entry of a guilty plea, a defendant waives any appealable errors 'unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea.'" *Ingram* at ¶ 24-25, quoting *State v. Ellis*, 2016-Ohio-8086, ¶ 35 (6th Dist.); *see also Glanton* at ¶ 21 (a plea of guilty also waives a defendant's right to

5.

challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)). Fench, by pleading guilty in this case -- and in the absence of any evidence or allegation that he was precluded by alleged speedy trial violations from entering a knowing, voluntary plea -- clearly waived his statutory right to a speedy trial. Accordingly, his only assignment of error is found not well-taken.

## Conclusion

{¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____

Charles E. Sulek, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.